UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VICTOR EROSA and
GERARDO E. EROSA,

      CASE NO:

    Plaintiffs,

v.

OPEN SEA MARINE AND BOATS CORP
fka OVER THE TOP MARINE CORP,

    Defendant.
_____/

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

VICTOR EROSA and GERARDO E. EROSA, Plaintiffs herein, file this Complaint against Defendant, OPEN SEA MARINE AND BOATS CORP herein, and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs or attorney's fees, and for equitable relief.

2. Plaintiff, VICTOR EROSA, ("Mr. Victor Erosa"), is a consumer over the age of eighteen years old and resides in Yucatan, Mexico.

3. Plaintiff, GERARDO E. EROSA is the son of VICTOR EROSA ("Mr. Gerardo Erosa"), is a consumer over the age of eighteen years old and resides in Yucatan, Mexico.

4. Mr. Victor Erosa and his son travel to South Florida for business and pleasure (Mr. Victor Erosa and Mr. Gerardo Erosa will herein collectively be referred to as "Plaintiffs").

5. Defendant, OPEN SEA MARINE AND BOATS CORP, is a Florida Corporation fka OVER THE TOP MARINE CORP. ("Defendant") which at all material times maintained its principal place of business in Miami-Dade County, Florida, and is otherwise *sui juris*.

6. This Court has original jurisdiction pursuant to 28 U.S. Code § 1332(a)(4) over this matter as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State (Florida) and citizens or subjects of a foreign state (Yucatan, Mexico).

7. Venue is proper in Miami-Dade County because Defendant maintains its principal place of business in Miami-Dade County and this action arises from acts occurring primarily in Miami-Dade County.

8. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## FACTS

9. Mr. Victor Erosa travelled to Miami, Florida for the purpose of purchasing a motor boat from Defendant, specifically a Yamaha 242 Limited 2019 Gray & White ("Boat") with a VIN#US-YAMCO197A9I9. See Invoice attached as **Exhibit A**.

10. At that time, Defendant was known as OVER THE TOP MARINE CORP.

11. On August 16, 2018, Plaintiffs purchased the Boat from Defendant for $76,000.00.

12. Upon Request, Plaintiffs paid an additional $4,000.00 to Defendant for additional features.

13. The Boat was to be immediately delivered to Plaintiffs.

14. When Plaintiffs did not receive the Boat, they attempted to call Defendant to inquire about its whereabouts.

15. After several months of being avoided and given the runaround, Plaintiffs travelled to the Miami Boat Show to inquire with Defendant in person.

16. On February 14, 2020, at the Miami Boat Show, Defendant had no excuse for not providing the Boat.

17. Plaintiffs requested he be refunded in full at that time.
18. Defendant drafted a check in the amount of the $80,000 and asked Plaintiffs to wait a few days before cashing to ensure the funds would be available. See check given to Plaintiffs by Defendant on February 14, 2020 attached as **Exhibit B**.
19. After a few days, Plaintiffs called the bank to confirm funds availability and were advised there was no money in that account.
20. Having returned home, Plaintiffs began again calling Defendant to inquire about the reimbursement of their funds.
21. To date Plaintiffs has not received a response from Defendant.
22. Shortly thereafter, on March 2, 2020, Defendant changed its name from OVER THE TOP MARINE CORP. to OPEN SEA MARINE AND BOATS CORP.
23. Apparently, Plaintiffs are not the first victim of Defendant.
24. On July 10, 2019, a similar action was filed in the Eleventh Judicial Circuit, In And For Miami-Dade County, Florida, Case No. 2019-020560 by Susana Molina and Gonzalez against Defendant for failure to provide goods after receiving payment ("2019 State Court Action").
25. Similar to the Plaintiffs in this case, the Plaintiffs in the 2019 State Court Action travelled from South America to South Florida for business and to purchase a boat motor and equipment from Defendant.
26. At the same time Defendant was being sued for Breach of Contract in the 2019 State Court Action, it was performing the same violations against another unknowing consumer, the Plaintiffs.

27. Defendant never appeared in the State Court Action, and a default judgment was entered against it by the Honorable Abby Cynamon.

28. As a direct and proximate result of the actions by Defendant, Plaintiffs suffered financial loss and loss of use of the Boat for over two years.

29. Plaintiffs are unable to purchase an alternative motor boat as he needs the funds Defendant has wrongfully retained to do so; Plaintiffs have been without the use of a boat for nearly one year.

30. The cost of a replacement boat has increased since the time Plaintiffs purchased the Boat, causing further economic damages to Plaintiffs.

31. Plaintiffs were unable to use the boat since August 10, 2018, the date on which the Boat was due to be delivered to Plaintiffs.

## CONDITIONS PRECEDENT

32. All conditions precedent to jurisdiction have occurred or been complied with: Plaintiffs served Defendant with a written demand letter for payment providing for release of civil liability should Defendant comply. See **Exhibit C**.

## COUNT 1
## BREACH OF CONTRACT

33. Plaintiffs adopt by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 31.

34. Defendant offered to sell Plaintiffs the Boat for a total of $80,000.00.

35. Plaintiffs accepted Defendant's offer and paid $80,000.00 in consideration with the agreement that the Boat would be delivered to his home in Yucatan, Mexico by August 10, 2018.

36. Defendant retained Plaintiffs' $80,000.000 but failed to deliver the Boat.

37. Plaintiffs attempted to mitigate their damages and requested a refund of the money paid for the Boat.

38. Defendant misled Plaintiffs by providing a reimbursement check for an account that Defendant knew contained zero funds. See **Exhibit B**.

39. As a result of Defendant's breach of the agreement between the parties, Plaintiffs have been without a Boat or the funds necessary to purchase an alternate boat.

## COUNT 2
## PROMISSORY ESTOPPEL BY DEFENDANT

40. Plaintiffs adopt by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 31.

41. Defendant, with actual or constructive knowledge of the falsity, made a representation or concealment of material facts with the intention that Plaintiffs acted upon said representation.

42. Specifically, Defendant promised to deliver the Boat to Plaintiffs by August 10, 2018.

43. Plaintiffs did not have the knowledge or means to obtain knowledge that the facts presented were a misrepresentation.

44. Plaintiffs relied upon the misrepresentation to Plaintiffs' detriment and suffered damages as a result of Defendant's failure to fulfill its promises including loss of use of the Boat from August 2018 to present, loss of use of the $80,000.00 paid for the Boat, including interest and inflation, costs spent attempting to enforce the promise.

## COUNT 3
## CIVIL THEFT BY DEFENDANT

45. Plaintiffs adopt by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 32.

46. Plaintiffs made numerous efforts to enforce the contract between the parties or alternatively the promise by Defendant to deliver the Boat and later to return the funds paid for the Boat.

47. When Plaintiffs discovered that Defendant had zero funds in the account for which Defendant wrote the reimbursement check to Plaintiffs, Plaintiffs realized that Defendant had knowingly obtained and used the $80,000.00 which belonged to Plaintiffs with the felonious intent to, either temporarily or permanently, deprive Plaintiffs of the right to the money and to appropriate the money to Defendant's own use in violation of Section 772.11 of the Florida Statutes.

48. As a result, Plaintiffs has been injured because of the violation of Section 772.11 of the Florida Statutes and have lost the above sum plus interest from the date of the theft (July.

49. In an attempt recoup this loss and avoid criminal prosecution of the Defendant, Plaintiffs offered Defendant an opportunity to make restitution.

50. Defendant did not accept this restitution offer.

51. Specifically, before filing this suit, Plaintiffs served on Defendant a written demand for payment of $240,000.00, which amount represents three times the amount taken by Defendant. A copy of this written demand is attached to this complaint as **Exhibit C** and is incorporated herein by reference.

52. Defendant has failed and refused to pay the amount demanded or any other amount.

## COUNT 4
## FRAUD

53. Plaintiffs adopt by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 32.

54. Defendant made false material representation(s) to Plaintiffs with the intent that Plaintiffs rely upon the representation.

55. Specifically, Defendant represented that the Boat would be immediately delivered to Plaintiffs upon Plaintiffs submitting payment for the same.

56. Upon request of reimbursement by Plaintiffs at the 2020 Miami Boat Show, Defendant also represented that the reimbursement funds were available in Defendant's bank account and gave Plaintiffs a bad check for an account that had zero funds.

57. Defendant knew the representations (that the boat would be delivered and that the funds would be returned) were false or made the representation recklessly, as a positive assertion, without knowledge of the truth of the statement.

58. Defendant's prior similar acts against other consumers as referenced in **Exhibit D** is further evidence of Defendant's knowing, willful, and reckless intent to defraud Plaintiffs. See lawsuit filed by merchant for numerous chargebacks made by consumers who also did not receive the services or products agreed upon or promised by Defendant attached as **Exhibit D**.

59. Plaintiffs relied upon the Defendant's misrepresentations which caused Plaintiffs injury. Plaintiffs suffered damages for which Plaintiffs herein sue.

## COUNT 5
## CONVERSION

60. When Defendant failed to provide the Boat in exchange for Plaintiffs' $80,000.00 and failed to reimburse those funds, Defendant converted Plaintiffs' money and/or the Boat to its own use that was then the property of the Plaintiffs.

61. A conversion occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met.

62. Here, Plaintiffs first demanded the Boat be delivered or numerous occasions.

63. When it became evident that Defendant did not intend to fulfill its obligation to deliver the Boat, Plaintiffs travelled to meet with Defendant in person at the 2020 Miami Boat Show and requested the return of the funds paid for the Boat.

64. Defendant provided a check for an account with zero funds available and has to date refused to return the Boat or the funds.

65. In addition, Plaintiffs demanded again the return of their funds in their pre-suit demand letter. See **Exhibit C**.

66. The value of Plaintiffs' money is the value of a replacement Boat of equal quality and type and/or the value of the funds taking into consideration inflation, interest and lost opportunity for use of the Boat from August 10, 2018 through the date Judgment is entered and collected.

## PUNITIVE DAMAGES

67. Plaintiffs adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 32.

68. Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

69. In fact, Defendant had committed the same wrongful acts against another unknowing consumer, which was the subject of litigation at the same time Defendant did the same to Plaintiffs.

70. Defendant also has a history of chargebacks pursuant to the public record, further evidencing Defendant's behavior is knowing, willful and a pattern of conduct. See court records reflecting chargebacks by consumers for services Defendant failed to render as agreed and promised attached as **Exhibit D**.

71. The conduct of Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

72. Defendant actively and knowingly participated in the conduct described above.

73. The officers, directors, or managers of Defendant knowingly condoned, ratified, or consented to the conduct described above.

74. Defendant engaged in conduct that was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct and that contributed to the loss, damages, and injury suffered by Plaintiffs as described in this Complaint.

## ATTORNEY'S FEES

75. Plaintiffs employed undersigned counsel for representation in this action and have agreed to pay a reasonable attorney fee for said representation.

76. Plaintiffs are entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 772.11 of the Florida Statutes.

## DEMAND FOR JURY TRIAL

77. Plaintiffs demand a trial of this action by jury four all Counts so triable.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages in the, amount of $240,000 plus interest since the date of payment to Defendant, for punitive damages, treble damages and attorney's fees and for any such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Dated: November 18, 2020

Respectfully submitted,

**The Advocacy Group**
Counsel for Plaintiffs
100 S. Biscayne Blvd., Ste. 3122
Miami, Florida 33132
Tel:(954)282-1858; Fax: (954)282-8277;
Email: service@advocacypa.com
Email: jkerr@advocacypa.com

*/s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810