UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24753-CV-UNGARO
MAGISTRATE JUDGE REID

VICTOR EROSA, and GERARDO E. EROSA,

    Plaintiffs,
v.

OPEN SEA MARINE AND BOATS CORP.
f/k/a OVER THE TOP MARINE CORP.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. [ECF No. 13]. This cause has been referred to the Undersigned to take all necessary and proper action as required by law pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 14].

Upon review, the Motion contains numerous deficiencies, all of which are fatal. Accordingly, it is **RECOMMENDED** that the Motion for Attorney's Fees [ECF No. 13] be **DENIED**, as further discussed below.

### II. Discussion

As a threshold matter, Plaintiff purports to bring this Motion pursuant to Fed. R. Civ. P. 54(d), S.D. Fla. L.R. 7.3, and 42 U.S.C. § 12205. [ECF No. 13]. However, neither Rule 54 nor S.D. Fla. L.R. 7.3 provide an independent basis for awarding attorney's fees absent some other statute or rule, and the attorney's fees provision of 42 U.S.C. § 12205 does not pertain to this breach of contract matter because this case was not commenced pursuant to Chapter 126 of Title

42. *See Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991) (discussing Fed. R. Civ. P. 54); *see also Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-14447-CIV-MARTINEZ/MAYNARD, 2018 U.S. Dist. LEXIS 13341, at *5 (S.D. Fla. Jan. 25, 2018) (discussing S.D. Fla. L.R. 7.3); 42 U.S.C. § 12205 (requiring that the proceeding be "commenced pursuant to this Act [the Americans with Disabilities Act of 1990, 42 U.S.C. Ch. 126]" to recover attorney's fees). While there may be some other basis to award Plaintiff attorney's fees, Plaintiff's Motion does not provide an adequate legal basis to do so. This alone is sufficient to deny the Motion. *See J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm.").

Next, Plaintiff's Motion does not comply with the Local Rules of this Court that require a movant to certify it has made reasonable efforts to confer and made a good faith effort to resolve the issues presented in the motion prior to filing it. *See* S.D. Fla. L.R. 7.1(a)(3); *see also* S.D. Fla. L.R. 7.3. Violation of these Local Rules alone is sufficient reason to deny a party's motion for attorneys' fees. *See J.B. Hunt*, 589 F. App'x at 933. Defendant's default does not relieve Plaintiff from complying with the Local Rules regarding the filing of this Motion. *See Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp., LLC*, No. 16-22280-CIV-COOKE/TORRES, 2018 WL 1876732, 2018 U.S. Dist. LEXIS 22620, at *13-15 (S.D. Fla. Feb. 9, 2018) ("Local Rule 7.3's requirements are not optional, but mandatory.") (collecting cases).

Third, Plaintiff's Motion is deficient because it does not provide the identity, experience, and qualifications for each timekeeper for whom fees are sought, in violation of S.D. Fla. L.R. 7.3(a)(5). While it is likely that the time entries under "JK" are for Plaintiff's counsel, Jessica L. Kerr, Esq., there are also multiple time entries for "VM." The Undersigned assumes that this is for

2

Veronica Murphy, who appears to have provided the notary service to counsel's affidavit [ECF No. 13-1 at 1], but it is not clear what role VM has, nor is it apparent what VM's identity, experience, and qualifications are.

Finally, Plaintiff has failed to demonstrate that the requested fees are appropriate for this breach of contract action, in which counsel expended only 27.2 hours to obtain a default judgment against the Defendant.

### III.   Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees [ECF No. 13] be **DENIED** without prejudice. Plaintiff should be given leave to refile and cure the above-mentioned deficiencies within a reasonable period of time set by the Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020) (quoting 11th Cir. R. 3-1 (2016)); *see also* 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 9th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Open Sea Marine and Boats Corp.**
2300 NW 27th Ave.
Miami, FL 33142
*PRO SE*